# UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 MAY -8 A 10: 13

CLERK OF COURT

## EASTERN DISTRICT OF WISCONSIN

DeVanté Williams,
Plaintiff

v.

**26-C-0814**

Aurora Health Care, Inc.;
Aurora Medical Center – Sheboygan County;
Aurora Medical Center – Wauwatosa;
Sarah Zimdars;
Kate Marie Ratacjak;
Eric Joseph Moehn;
Jane Doe (Intake Staff – Drug Screening Observer);
Jane Doe 2 (Discharge Coordinator "Lauren #1");
Jane Doe 3 (Discharge Coordinator "Lauren #2");
John/Jane Does 4–20,

Defendants.

# COMPLAINT AND JURY DEMAND

# I. INTRODUCTION

1. Plaintiff brings this action for discrimination, civil rights violations, and medical negligence arising from two separate incidents occurring in February 2024 and March 2025.
2. Plaintiff was denied necessary mental health treatment, subjected to discriminatory treatment based on disability and race, and unlawfully discharged, resulting in severe harm including incarceration, assault, deprivation of medication, and physical injury.

# II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331.
4. This action arises under:
   - Americans with Disabilities Act
   - Rehabilitation Act of 1973
   - 42 U.S.C. § 1983
5. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.
6. Venue is proper in this District because the events giving rise to these claims occurred in Wisconsin.

# III. PARTIES

7. Plaintiff DeVanté Williams is an individual residing in Wisconsin.

8. Defendant Aurora Health Care, Inc. is a healthcare provider operating in Wisconsin.

9. Defendant Aurora Medical Center – Sheboygan County is a facility operated by Aurora Health Care, Inc.

10. Defendant Aurora Medical Center – Wauwatosa is a facility operated by Aurora Health Care, Inc.

11. Defendant Sarah Zimdars was, at all relevant times, an intake worker employed by Aurora Medical Center – Sheboygan County.

12. Defendant Kate Marie Ratacjak was, at all relevant times, a nurse practitioner and/or intake staff member employed by Aurora Medical Center – Sheboygan County.

13. Defendant Eric Joseph Moehn was, at all relevant times, a security officer employed by or contracted with Aurora Medical Center – Sheboygan County.

14. Defendant Jane Doe was an intake staff member who observed Plaintiff during drug screening on February 5, 2024.

15. Defendants Jane Doe 2 and Jane Doe 3 were discharge coordinators at Aurora Medical Center – Wauwatosa, both identified to Plaintiff as "Lauren," and involved in Plaintiff's discharge in March 2025.

16. Defendants John/Jane Does 4–20 are additional unknown individuals employed by or acting on behalf of Aurora who participated in the conduct described herein.

# IV. FACTUAL ALLEGATIONS

## A. February 5, 2024 – Sheboygan Incident

17. Plaintiff suffers from schizophrenia, ADHD, anxiety, and depression.
18. Plaintiff's mental health conditions are longstanding and severe. Plaintiff was born with substance exposure to cocaine and alcohol and has a biological family history of schizophrenia, contributing to his psychiatric disabilities.
19. On February 5, 2024, Plaintiff was experiencing a severe mental health crisis, including suicidal and homicidal thoughts following an argument with his roommate.
20. Plaintiff voluntarily sought treatment at Aurora Medical Center – Sheboygan County to prevent further mental deterioration.
21. Defendant Sarah Zimdars and Defendant Kate Marie Ratacjak participated in Plaintiff's intake evaluation.
22. Plaintiff was denied admission.
23. During the intake process, Defendant Sarah Zimdars stated:

**"He doesn't meet requirements, he's only doing this because he has nowhere to go."**

24. This statement was made despite Plaintiff actively experiencing a psychiatric emergency.
25. Standard intake procedures were not followed, including failure to administer a required drug test.
26. Staff referenced Plaintiff's alleged substance use history but used it as a basis to deny treatment rather than provide care.
27. Plaintiff's mental health condition was dismissed and minimized by staff.
28. Defendant Eric Joseph Moehn was present as security during the incident.
29. Intake staff, including Defendant Jane Doe, observed Plaintiff during drug screening procedures.
30. Upon information and belief, responding law enforcement officer Joshua A. Becker was present, and his body-worn camera recorded interactions between Plaintiff and Aurora staff, including statements made during the intake process.
31. Plaintiff was denied treatment and subsequently arrested and incarcerated.

## B. Resulting Harm from February 2024 Incident

32. Plaintiff was incarcerated for approximately six months following the denial of care.
33. While incarcerated, Plaintiff was:
- Physically assaulted
- Harassed by jail staff

- Denied necessary psychiatric medication

34. Plaintiff did not receive Seroquel for approximately three months.
35. As a result, Plaintiff experienced severe psychological deterioration, emotional distress, and physical harm.

## C. March 18, 2025 – Wauwatosa Incident

36. Plaintiff was formally diagnosed with schizophrenia.
37. Plaintiff admitted himself to Aurora Medical Center – Wauwatosa due to safety concerns involving his environment.
38. Plaintiff remained hospitalized for approximately 12 days.
39. During discharge planning, Defendants Jane Doe 2 and Jane Doe 3 (both identified as "Lauren") informed Plaintiff that his insurance would no longer cover his stay.
40. These statements were false.
41. Plaintiff was told he must leave immediately.
42. Plaintiff became distressed and yelled.
43. Plaintiff became lightheaded, fell, and injured his knee.
44. Defendants failed and refused to document the injury.
45. Plaintiff was discharged despite ongoing mental health needs.

46. Plaintiff later sought treatment at another hospital, where the knee injury was documented as bruised.

## D. Prior Complaints

47. Plaintiff filed a grievance with Aurora in May 2024 regarding the February 2024 incident.
48. Aurora responded claiming no audio or video evidence existed, despite the existence of law enforcement body camera footage.
49. Plaintiff filed a complaint with the U.S. Department of Health and Human Services Office for Civil Rights regarding the conduct described herein.

# V. CLAIMS FOR RELIEF

## COUNT I – ADA VIOLATION

(Against All Defendants)

50. Plaintiff incorporates all prior allegations.
51. Plaintiff is a qualified individual with disabilities.
52. Defendants denied Plaintiff access to services and discriminated against him based on disability.
53. Defendants failed to provide reasonable accommodations.

## COUNT II – REHABILITATION ACT

(Against All Defendants)

54. Plaintiff incorporates all prior allegations.
55. Defendants receive federal financial assistance.
56. Plaintiff was discriminated against solely by reason of his disability.

## COUNT III – CIVIL RIGHTS VIOLATIONS

(42 U.S.C. § 1983)

57. Plaintiff incorporates all prior allegations.
58. Defendants acted under color of state law.
59. Defendants deprived Plaintiff of rights secured by the Constitution, including:
- Due process
- Equal protection
- Access to necessary medical care

## COUNT IV – MEDICAL NEGLIGENCE (WISCONSIN LAW)

60. Plaintiff incorporates all prior allegations.
61. Defendants breached the applicable standard of care by:
- Denying necessary treatment
- Failing to follow intake procedures
- Improperly discharging Plaintiff
- Failing to document injury

## VI. DAMAGES

62. As a direct and proximate result of Defendants' actions, Plaintiff suffered:

- Approximately six months of incarceration
- Physical assault while incarcerated
- Deprivation of prescribed medication, including Seroquel
- Severe emotional distress
- Worsening psychiatric condition
- Physical injury to knee
- Loss of dignity, safety, and stability

# VII. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Award compensatory damages;
B. Award punitive damages;
C. Award costs and any allowable fees;
D. Grant injunctive relief requiring Defendants to implement policy changes, including:

- Proper mental health intake procedures
- Non-discriminatory treatment practices
- Accurate and lawful discharge protocols
- Mandatory documentation of patient injuries

E. Grant any other relief the Court deems just and proper.

# VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

**DeVanté Williams** (Pro Se Plaintiff)
930 W State Street
Milwaukee, WI
(414) 275-6247